588 A.2d 79

**Gregory KNOX, Petitioner,**

**v.**

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 1990.

Decided March 5, 1991.

David Crowley, Chief Public Defender, Bellefonte, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

PELLEGRINI, Judge.

Gregory Knox (Petitioner) appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying him administrative relief from a Board recommitment order.

On July 11, 1983, Petitioner was sentenced by the Delaware County Court of Common Pleas to serve a period of incarceration for three (3) years and two (2) months to fifteen (15) years for the offense of robbery. Petitioner was also sentenced to a concurrent period of incarceration of one (1) year to five (5) years for the offense of possessing implements of crime. Petitioner was paroled from this sentence to a Board Detainer on October 14, 1985, and was paroled to the street on April 14, 1988.[1]

---

1. On March 23, 1989, a warrant to commit and detain was issued against Petitioner, alleging that Petitioner had violated technical conditions 3a, 3b and 5a of his parole. Regarding technical violation of condition 3b, which is the only violation pertinent to this case, the notice of charges regarding that violation stated the following:

    Technical Violations:
    2. Condition 3B—Maintain regular contact with the parole supervision staff by: notifying the parole supervision staff within 72 hours of any arrest.

On September 26, 1989, a parole agent of the Board charged Petitioner with three violations of general parole condition 4 [2] based on Petitioner's convictions for three counts of retail theft.[3] A revocation hearing was scheduled for October 26, 1989. At that hearing, the hearing examiner found that because Petitioner had been convicted of three counts of retail theft by a district magistrate and, therefore, had not been convicted in a court of record, the evidence presented did not establish by a preponderance that Petitioner had been convicted of three counts of retail theft.[4] However, on October 31, 1989, Petitioner was re-charged by the parole agent with the same three violations of general parole condition 4, only this time the charges

> You were arrested on 2/16/89 and 3/10/89 in Springfield for Retail Theft. You failed to advise agent of these arrests.

Because the hearing examiner found that there was proof by a preponderance of the evidence that Petitioner had violated this condition governing his parole, as well as the others listed, the Board recommitted Petitioner to the Delaware County Prison to serve a total of six (6) months backtime.

2. General condition 4 requires Petitioner to comply with all municipal, county, state and Federal criminal laws, as well as with the provisions of the Vehicle Code (75 Pa.C.S. § 101 et seq.) and the Liquor Code (47 P.S. §§ 1-101 et seq.).

3. The Notice of Charges and Hearing upon which the agent relied read as followed:

> Count No. 1: You were arrested on 2/16/89 in Springfield, Delaware County—Docket No. 76 of 89 charge of Retail Theft. Convicted before District Justice DiPietro on 6/29/89.
> Count No. 2: You were arrested on 3/5/89 at Granite Run Mall, Delaware County Docket No. 62 of 89 charge of Retail Theft. Convicted before District Justice Mascaro on 7/31/89.
> Count No. 3: You were arrested on 3/10/89 in Springfield, Delaware County—Docket No. 116 of 89 charge of Retail Theft. Convicted before District Justice DiPietro on 6/29/89.
> Degree of Crime: All three counts were Summary convictions.

We note that at the time of the March 23, 1989 violation hearing, no mention was made of Petitioner's arrest for the March 5, 1989 retail theft. However, that fact has no bearing on the outcome of this case.

4. Convictions of summary criminal offenses before district justices do not constitute "convictions" in a court of record within the meaning of Section 21.1(a) of what is commonly called the Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a(a). *Harper v. Commonwealth, Pennsylvania Board of Probation and Parole,* 103 Pa.Commonwealth Ct. 251, 520 A.2d 518 (1987).

were not based on his conviction, but instead, on technical violations. As a result of that hearing on November 13, 1989, the hearing examiner determined that the evidence established by a preponderance that Petitioner had failed to comply with general condition 4 of parole requiring compliance with state criminal laws. By Board order dated January 24, 1990, Petitioner was recommitted to the Delaware County Prison as a technical parole violator to serve an additional period of nine (9) months backtime.

Petitioner then filed an administrative appeal, alleging that his due process rights under the United States and Pennsylvania Constitutions had been violated because the Board recommitted him to the Delaware County Prison as a technical parole violator for three offenses which were dismissed at the revocation hearing on October 26, 1989. The Board denied the appeal and the instant appeal followed.

The issue now before us is whether the Board was barred by the doctrine of res judicata from holding a hearing based on a technical violation to determine if Petitioner had committed three acts of retail theft in violation of condition 4 of his parole, when the Board had previously held in favor of Petitioner at a revocation hearing involving the same facts that there was no evidence to support a finding that Petitioner had committed those crimes.

■ Petitioner is aware that double jeopardy provisions of both the United States and Pennsylvania Constitutions do not apply to parole revocation proceedings of the Board.[5] Nonetheless, Petitioner contends that because the hearing officer at the revocation hearing dismissed charges against him for retail theft, the Board was precluded under the doctrine of res judicata from changing its decision and finding him guilty of technically violating his parole based

5. *See McClure v. Pennsylvania Board of Probation and Parole,* 75 Pa.Commonwealth Ct. 176, 461 A.2d 645 (1983).

on that same conduct which was previously dismissed at the revocation hearing. We agree.[6]

The doctrine of res judicata generally applies when the cause of action in one proceeding is identical with that involved in a prior judgment. Under the doctrine, a final judgment on the merits is conclusive of the rights of the parties and constitutes a bar to a subsequent action involving that same claim, demand, or cause of action and issues determined therein. *Coleman v. Coleman,* 361 Pa.Super. 446, 522 A.2d 1115 (1987). The doctrine of res judicata applies to administrative agency determinations. See *Philadelphia Electric Company v. Pennsylvania Public Utility Commission,* 61 Pa.Commonwealth Ct. 325, 433 A.2d 620 (1981); *Bardo v. Department of Public Welfare,* 40 Pa.Commonwealth Ct. 585, 397 A.2d 1305 (1979); and *Unemployment Compensation Board of Review v. Ferraro,* 22 Pa.Commonwealth Ct. 304, 348 A.2d 753 (1975). The four conditions which must be shown to support a claim of res judicata are 1) the identity of the thing sued upon; 2) identity of the cause of action; 3) identity of the persons or parties to the action; and 4) identity of the quality or capacity of the parties suing or sued. *McCarthy v. Township of McCandless,* 7 Pa.Commonwealth Ct. 611, 300 A.2d 815 (1973). An identity of causes of action is found when in both the old and new proceedings the subject matter and the ultimate issues are the same. *Madara v. Commonwealth of Pennsylvania,* 40 Pa.Commonwealth Ct. 581, 397 A.2d 1294 (1979).

In this case, the causes of action in both revocation hearings were identical, because at both hearings the ultimate issue which the Board was trying to determine was whether Petitioner had been convicted of retail theft. This was evidenced when the Board held a revocation hearing

---

6. The doctrine of collateral estoppel is not applicable in this case because that doctrine only applies when the second cause of action is different than the first in order to prevent the relitigation of issues of fact or law actually litigated and determined by a valid and final judgment in the first action. *Lebeau v. Lebeau,* 258 Pa.Super. 519, 393 A.2d 480 (1978).

based on technical violations to determine whether Petitioner had been convicted of retail theft in order to determine if he had complied with general condition 4 of his parole, even though that identical issue had previously been determined at the revocation hearing based on charges that he was convicted. While the Board now concedes that it should not have subjected Petitioner to two separate revocation hearings, it argues that the Commonwealth's interest in enforcing the conditions of parole outweighs Petitioner's interest in being subjected to only one parole revocation hearing. However, the Board had complete control over the process, was aware of all of the possible charges that could be filed against Petitioner, and was aware that those charges could encompass technical violations based on the same crime.[7]

Further, the doctrine of res judicata, which reflects the public policy to minimize the judicial energy diverted to individual cases to establish certainty and respect for court judgments, and to protect the party relying on the prior adjudication from vexatious litigation, also prevents the litigation and determination of issues after a final adjudication by a court of competent jurisdiction which might have been raised and were not. *Township of McCandless v. McCarthy*, 7 Pa.Commonwealth Ct. 611, 300 A.2d 815 (1973). Consequently, we find that under the doctrine of res judicata, the Board's failure to charge Knox with the technical violations at the first hearing was not a mistake which could be remedied by holding an additional

7. Although Petitioner was convicted of retail theft in a court not of record, and that conviction could not be admitted into evidence at the conviction hearing pursuant to Section 21.1(a) of the Act, 61 P.S. § 331.21a(a), the Board was aware at the time of the revocation hearing based upon his conviction that there was the possibility of a technical violation as well. Had both hearings been held simultaneously, Petitioner's admission that he committed retail theft would have been enough evidence to recommit Petitioner for a technical violation without a conviction. *Hobson v. Pennsylvania Board of Probation and Parole*, 125 Pa.Commonwealth Ct. 38, 556 A.2d 917 (1989). However, the Board chose not to hold one hearing on the same issue and cannot now claim that because they failed to do so, they are entitled to hold a duplicate hearing in the interest of justice to determine if there was a technical violation based on the same facts.

hearing on the same ultimate issue in the interest of the Commonwealth.

Our scope of review of the Board's recommitment order is limited to determining whether any constitutional rights were violated, any errors of law were committed, or whether substantial evidence supports the Board's order. *Saunders v. Pennsylvania Board of Probation and Parole*, 130 Pa.Commonwealth Ct. 612, 568 A.2d 1370 (1990). Because the Board was barred by the doctrine of res judicata from conducting a revocation hearing for a technical violation based on charges of the same conduct which had been dismissed in the previous revocation hearing, we find that the Board erred in sentencing Petitioner to nine months of backtime for technically violating his parole.

Accordingly, the decision of the Board is reversed.

## ORDER

AND NOW, this 5th day of March, 1991, the order of the Board of Probation and Parole dated January 24, 1990, recommitting Petitioner to the Rockview State Correctional Institution to serve nine months backtime for violating general condition 4 of his parole, is reversed.

CRUMLISH, Jr., Senior Judge, concurring.

I concur in the result reached by the majority. However, I respectfully disagree with the application of the doctrine of res judicata in this case.

I cannot conclude, as does the majority, that the ultimate factual issue at Knox's conviction revocation hearing, where the Board must show that the parolee *was convicted* in a *court of record, Coleman v. Pennsylvania Board of Probation and Parole*, 101 Pa.Commonwealth Ct. 144, 515 A.2d 1004 (1986) (emphasis added), is identical to the factual issue in a technical violation hearing, where the Board must establish he has breached a general parole condition requiring him to "[c]omply with ... criminal statutes...." 37 Pa.Code § 63.4.

Knox was found by the district magistrate to have committed a crime. Indeed, the majority acknowledges that Knox's admission of guilt would be sufficient to recommit him as a technical violator, had the Board heard both the convicted and technical violation charges in the same proceeding. *Majority*, at 350, n. 7.

Instead, for unexplained reasons, the Board failed to charge Knox with technical violations at the time of his conviction revocation hearing. Since the Board concedes it should not have subjected Knox to two separate proceedings, I would simply reverse the Board on that ground, rather than apply the doctrine of res judicata.