**BROWNSVILLE AREA SCHOOL DISTRICT, Petitioner,**

**v.**

**STUDENT X, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 9, 1999.
Decided May 7, 1999.

Gary N. Altman, Uniontown, for petitioner.

Edward J. Feinstein, Pittsburgh, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and NARICK, Senior Judge.

COLINS, President Judge.

Before the Court is an appeal from an opinion and order of a Special Education Due Process Appeals Panel of the Department of Education (Appeals Panel) ordering the Brownsville Area School District (District) to provide Student X with 1954 hours of compensatory gifted instruction to be completed within six years of graduation; to implement a program of in-service training of its personnel; and to review

and revise its policies and procedures with respect to identification and delivery of gifted education services. Of the five issues presented for review, four question the appropriateness of the relief awarded. The remaining question asks whether the Appeals Panel award violates the statute of limitations. For the reason set forth below, we reverse the order of the Appeals Panel.

The Appeals Panel found that beginning in kindergarten, Student X placed in the top 5 percent nationally for mathematics, reading, and language. Despite parents' inquiry into acceleration and enrichment programs, Student X was provided with no specialized program until the 5th grade. As a result of the efforts of the parents, the District finally prepared an IEP (Individualized Education Plan) for the gifted program on January 12, 1993. However, the plan was not individualized for Student X, there was no monitoring of Student X's performance or reevaluation of his progress, and the plan was not updated.

The parents became wary of Student X's curriculum and went to the District with their concerns. Again, only at the insistence of the parents did District set an IEP meeting for January 21, 1998. At that meeting, the District and the parents could not agree upon an IEP resulting in a due process hearing on April 12, 1998. The hearing officer found that District denied Student X a free appropriate public education (FAPE). That conclusion was based on substantive violations of Student X's rights including:

- breaches of confidentiality of records and IEP meetings
- alterations of and inaccuracy in Student's X's student records
- failure to address individual needs in the IEP
- failure to support the IEP with assessment results
- failure to notify parents of changes in the IEP
- failure to have an administrator present at IEP meetings

- placing signatures of persons not present on IEP meeting forms
- failure to measure progress in the Gifted Program
- failure to inform parents of progress
- failure to utilize a written policy outlining procedures for the gifted program

Furthermore, the hearing officer noted that the current program lacks structure, leadership in gifted techniques, and responsibility at the administrative level.

The hearing officer directed the District to provide Student X with an individualized program of instruction beyond the general enrichment program offered by the District, including college-level courses. District was directed to provide 1954 hours in compensatory education to be used within six years of Student X's graduation from high school (limited to instruction), as well as a reevaluation of Student X. Additionally, District was to reevaluate its in-service training of teachers and review and restructure its policies regarding the gifted education services program. The Appeals Panel affirmed; District filed an appeal with this Court. District does not challenge the factual findings of the Appeals Panel; instead, District asks this Court to review the compensatory relief awarded by the Appeals Panel. This Court's scope of review from decisions of the Appeals Panel is limited to a determination of whether the adjudication is supported by substantial evidence, errors of law were committed, or constitutional rights were violated. 2 Pa.C.S. § 704; *Punxsutawney Area School District v. Kanouff,* 663 A.2d 831 (Pa.Cmwlth. 1995).

Our state school system is charged with the ominous task of providing a free appropriate education to every child of school age in this Commonwealth. Subsumed

within that charge is the mandate that school districts identify children in need of special education. *See* 22 Pa.Code § 342.21 (relating to general public awareness and screening programs), and 22 Pa. Code § 342.52 (relating to public awareness programs regarding screening and identification of children). In Pennsylvania, special education is afforded to gifted children pursuant to Sections 1371 and 1372 of the Public School Code of 1949,[1] 24 P.S. §§ 13–1371 [2]–1372.

■ In addition to identifying gifted children, school districts must evaluate the child and prepare individual programs for each child placed in the special education program for the gifted. 22 Pa.Code §§ 14.1–14.2(d)(4)(8). When a district fails to provide an adequate program, compensatory education is an appropriate remedy[3] extended to the child with disabilities and the child with gifted abilities alike. However, as applied to the gifted child, compensatory education is limited to education available within the curriculum of the school district. *Centennial School District v. Department of Education,* 517 Pa. 540, 539 A.2d 785 (1988).

The remedy is more omniscient than its circumscribed nature suggests. Its purpose is to fairly compensate the student whose school district has failed to provide the student a free appropriate public education. Without losing sight of its purpose, the remedy compliments each school district's curricula thereby respecting each school district's autonomy and simultaneously obligating each school district to provide to all of its students a free appropriate public education. Recognizing the enormity of this task and the diversity in the varying academic programs offered by the state's school districts, then Justice Flaherty, now Chief Justice Flaherty, opined:

> a school district may not be required to become a Harvard or a Princeton to all who have IQ's over 130. We agree that 'gifted' students are entitled to special programs as a group to bring their talents to as complete a fruition as our facilities allow. We do not, however, construe the legislation as authorizing individual tutors or exclusive individual programs outside or beyond the district's existing, regular and special education curricular offerings.

*Centennial,* 517 Pa. at 552–553, 539 A.2d at 791.

■ In the case *sub judice,* the remedy fashioned by the Appeals Panel provided for 1954 compensatory hours of education that

> shall take place at an accredited post-secondary school or with an appropriately licensed or certified tutor, and shall be limited to instruction only. Appropriate uses of the hours of compensatory instruction would include class hours at college or university, technical school trade or business school, or other educational institution for preparation of students for a career, profession or avocation.

Appeals Panel Decision at p. 6. We conclude that the Appeals Panel exceeded its authority in fashioning a remedy that re-

---

1. Act of March 10, 1949, P.L. 30, *as amended.*

2. "Children with exceptionalities" include children of school age who have a disability or who are gifted and who, by reason thereof, need specially designed instruction. 24 P.S. § 13–1371(a).

3. *Punxsutawney* ; *Millersburg Area School District v. Lynda T.,* 707 A.2d 572 (Pa.Cmwlth. 1998), *petition for allowance of appeal denied,* 555 Pa. 748, 725 A.2d 1223 (1998); *Big Beaver Falls Area School District v. Jackson,* 150 Pa.Cmwlth. 268, 615 A.2d 910 (1992); *Lester v. Gilhool,* 916 F.2d 865 (3rd Cir.1990), cert. denied, 499 U.S. 923, 111 S.Ct. 1317, 113 L.Ed.2d 250 (1991).

quires college-level instruction, private tutoring, and or education beyond the curricular offerings of the District.

Accordingly, the order of the Special Education Due Process Appeals Panel is reversed.[4]

---

*ORDER*

**AND NOW,** this 7th day of May, 1999, the order of the Special Education Due Process Appeals Panel is reversed.

---

4. Since the remedy imposed by the Speal Appeals Panel was in error we reverse the decision on that basis alone without addressing the District's argument that the award of 1954 compensatory hours was prohibited by a statute of limitations.

Finally, the District also questions whether the Appeals Panel has the authority to require the District to provide in-service training of personnel, and to direct District to rewrite and review its gifted education policies and procedures. In its brief to the Court on this issue, District's argument is inadequately briefed, and there is scant authority cited to support its position. District has failed to argue this issue in its brief as required by Pa. R.A.P. 2119; therefore, the issue is waived. *Commonwealth v. Feineigle,* 690 A.2d 748, 751 n. 5 (Pa.Cmwlth.1997).