**CARLYNTON SCHOOL DISTRICT,**
**Petitioner,**

v.

**D.S. and His Parents, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 2002.

Decided Jan. 17, 2003.

---

Christina Lane, Pittsburgh, for petitioner.

Biserka Sciulli, respondent, pro se.

Before McGINLEY, J., PELLEGRINI, J., and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Carlynton School District (School) petitions for review of an order of the Special Education Due Process Appeals Review Panel (Appeals Review Panel) which reversed a hearing officer's decision that D.S. and his Parents (D.S.) were not denied an appropriate program of education and not entitled to compensatory education. We affirm in part and vacate and remand in part.

At the time of the due process hearing before the hearing officer, D.S. was a seventeen-year-old senior in the School. He was found eligible to receive special education and related services pursuant to the Individuals with Disabilities Education Act (Act), 20 U.S.C. §§ 1400–1490. D.S. has participated in the School's Gifted and Talented Education (GATE) Program since second grade.

D.S. did not agree with the Notice of Recommended Assignment which followed the development of the Gifted Individualized Education Program (GIEP) for his senior year. As such, he requested a due process hearing. The Act requires states to provide an impartial due process hearing when requested. 20 U.S.C. § 1415(f). At hearing, D.S. raised concerns involving his GIEPs, as developed by the School, from his seventh through twelfth grade school years.

At hearing, the School argued that the issues regarding the seventh through tenth grade school year GIEPs were barred by

the statute of limitations and the ninth and tenth grade school year GIEPs were further barred by *res judicata.* The hearing officer determined that only the eleventh and twelfth grade school year GIEPs would be considered. It was found that the ninth and tenth grade school years should not be relitigated (R.R. at 113a) and that the seventh and eighth grade school years were not relevant. (Hearing officer's opinion, Exhibit A, Appellant's brief).[1] The hearing officer also found that the complaints raised by D.S. were vague and did not rise to the level of a denial of appropriate education. The hearing officer then found that D.S. was not denied an appropriate program of education in his eleventh and twelfth grade school years, and was not entitled to a compensatory education.

D.S. then filed an appeal with the Appeals Review Panel. The Appeals Review Panel determined that the statute of limitations did not bar review of D.S.'s seventh through tenth grade school year GIEPs. It further determined that the doctrine of *res judicata* did not bar review of the ninth and tenth grade school year GIEPs. The Appeals Review Panel then decided that the seventh through twelfth grade school year GIEPs did not include programming for D.S.'s individual needs and were not reasonably calculated to enable D.S. to make meaningful progress. In finding that the School failed to provide D.S. with an appropriate education, the Appeals Review Panel determined that D.S. was entitled to compensatory education.

The Appeals Review Panel ordered the School to design a compensatory education plan which was to include weekend and/or summer programming in study and organization skills. It was also determined that contracting with a school, college, or learning center for courses and programming was an option. The School was further ordered to provide D.S. with a review course in algebra to be taken at a school, college or learning center acceptable to D.S.

The School filed a petition for review with this Court on April 22, 2002.[2] It alleged that the Appeals Review Panel erred in determining that no statute of limitations applied to a request for compensatory education in a special education due process hearing and that consideration of the ninth and tenth grade school year GIEPs was not barred by *res judicata.* The School further alleged that the Appeals Review Panel erred in awarding compensatory education that extended beyond the School's current curriculum.

At the time the Appeals Review Panel rendered its decision in this case, the law regarding the statute of limitations for compensatory education was unclear. Moreover, this Court had also not decided whether *res judicata* applied to issues that had been addressed by a school administratively through a complaint investigation process. However, this Court has recently decided *Montour School District v. S.T.,* 805 A.2d 29 (Pa.Cmwlth.2002), in which we made a determination as to the statute of

---

1. While the hearing officer did not specifically state his reasons for refusing to hear testimony of the seventh through tenth grade school years, it was presumably based on the School's arguments regarding *res judicata* and the statute of limitations.

2. Our scope of review is limited to determining whether there has been a violation of

constitutional law, an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. *New Brighton Area School District v. Matthew Z.,* 697 A.2d 1056 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 550 Pa. 723, 706 A.2d 1215 (1998).

limitations in compensatory education cases and a determination as to the application of *res judicata* in cases where claims or issues had been already addressed by way of a procedure that produced a complaint investigation report (CIR) issued by the Department of Education's Special Education Bureau of Compliance.

The School's first issue raised on appeal involves the statute of limitations issue. In *Montour*, we held that there was generally a one-year statute of limitations in compensatory education cases. It was determined that a party could only challenge the one-year period prior to the date a due process hearing was requested. However, in cases were a party could establish mitigating circumstances for a delay in requesting a due process hearing, a maximum of two years prior to the date a due process hearing was requested could be challenged.

■ In the instant case, the Appeals Review Panel erred in making a determination based on the seventh through twelfth grade years. As D.S. requested a due process hearing on November 5, 2001, he is entitled to challenge the one-year period prior to that date. Thus, we must vacate the Appeals Review Panel's decision in this regard and remand for findings as to whether mitigating circumstances can be shown to allow an additional one-year period to be reviewed. Once it is determined what period is at issue in accordance with the statute of limitations, it should be further determined if an award of compensatory education should be granted to D.S.

■ The School's second issue raised on appeal involves the application of *res judicata* to this action. On July 5, 2000, D.S. filed a complaint with the Bureau of Special Education raising issues concerning the GIEP dated October, 1999 through

October, 2000. The issues raised as to that GIEP were addressed through the complaint investigation procedure and decided by way of a CIR. The School contends that as D.S. has already litigated those issues, any re-litigation, in the instant action, is barred by *res judicata*.

■ *Res judicata* bars a party from re-litigating an issue that was a cause of action in another proceeding that has resulted in a final judgment. *Knox v. Pennsylvania Board of Probation and Parole*, 138 Pa.Cmwlth. 344, 588 A.2d 79 (1991). In *Montour*, we addressed the *res judicata* issue as it applies to an IEP examined through a complaint investigation process and a CIR. We held that "[t]he CIR process is simply not the adversarial-type proceeding of a fair hearing that the doctrine of *res judicata* contemplates." *Montour*, 805 A.2d at 41. Therefore in the instant case, the Appeals Review Panel did not err in determining that *res judicata* was not applicable to this action.

The third issue raised by the School is whether the compensatory award ordered by the Appeals Review Panel was proper. As we must remand this case for a determination of whether a compensatory award is proper in this action based solely on the time frame allowed under the statute of limitations, we must also vacate the award granted by the Appeals Review Panel. As such, we need not address whether the award given was proper. However, we do note that should any future award be deemed appropriate in this action, it must be limited to education available within the curriculum of the School, as per our ruling in *Brownsville Area School District v. Student X*, 729 A.2d 198 (Pa.Cmwlth.), *petition for allowance of appeal denied*, 560 Pa. 731, 745 A.2d 1225 (1999).

Accordingly, the decision of the Appeals Review Panel is hereby affirmed with regard to the issue of *res judicata;* however, we vacate and remand the Appeals Review Panel's holding as to the statute of limitations and vacate the award of compensatory education. We therefore remand to the Appeals Review Panel for findings consistent with this opinion.

### ORDER

AND NOW, this 17th day of January, 2003, the holding of the Special Education Due Process Appeals Review Panel (Appeals Review Panel) is vacated with regard to its determination that no statute of limitations applies to claims made in a request for a due process hearing and as to the award of compensatory education. This matter is remanded to the Appeals Review Panel, which shall determine whether D.S. and his parents (D.S.) can challenge a one or two-year period prior to the date the due process hearing was requested and, further, whether D.S. is entitled to a compensatory education. The Appeals Review Panel is affirmed with regard to the application of *res judicata* in this action.

Jurisdiction relinquished.