J-S06008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONALD WASHINGTON | : | |
| | : | |
| Appellant | : | No. 1720 EDA 2018 |

Appeal from the Order Entered April 25, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0002172-2004

BEFORE:  BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 17, 2019**

Ronald Washington appeals from the judgment of sentence of one-and-one-half to three years of imprisonment following revocation of his probation. Appellant's counsel, Patrick J. Connors, Esquire, has filed an application to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm the judgment of sentence and grant counsel's application to withdraw.

In 2005, Appellant was convicted of possession of a firearm without a license, as well as of multiple counts robbery, simple assault, recklessly endangering another person, and criminal conspiracy.  He was sentenced to an aggregate term of six to twelve years of imprisonment followed by six years of probation.  In 2016, while he was out on parole, Appellant was arrested on new drug charges.  As a result, the state board of parole recommitted Appellant to serve his back time in the instant case.  Appellant was also

separately charged with violation of the terms of his probation ("VOP"), and he waived his right to a ***Gagnon I*** hearing.[1]

In February and March 2017, Appellant was convicted and sentenced on the new drug charges. At a ***Gagnon II*** hearing on April 25, 2018, the VOP court held that Appellant violated the terms of his probation in the instant case, revoked his probation, and imposed a new sentence of one-and-one-half to three years of imprisonment, to be served consecutive to the sentence imposed in the drug case. This timely appeal followed.

In this Court, Appellant's counsel filed both an ***Anders*** brief and a petition to withdraw as counsel, and Appellant filed a *pro se* response challenging counsel's analysis. Accordingly, the following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under ***Anders*** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an ***Anders*** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof . . . .
>
> ***Anders*** counsel must also provide a copy of the ***Anders*** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

---

[1] "A ***Gagnon I*** hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a ***Gagnon II*** hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." ***Commonwealth v. Stafford***, 29 A.3d 800, 802 n.1 (Pa.Super. 2011) (citation omitted). ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Commonwealth v. Wrecks**, 931 A.2d 717, 720-21 (Pa.Super. 2007) (citations omitted). However, "when an appellant, either acting *pro se* or through private counsel, files a response to the **Anders** brief, our independent review is limited to those issues raised in the **Anders** brief. We then review the subsequent *pro se* or counseled filing as we do any advocate's brief." **Commonwealth v. Bennett**, 124 A.3d 327, 333 (Pa.Super. 2015).

Our Supreme Court has clarified portions of the **Anders** procedure as follows:

in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, **supra** at 361.

In his *pro se* response, Appellant contends that counsel did not substantially comply with the requirements of **Anders** and **Santiago**. Specifically, while acknowledging that counsel provided a summary of the case

- 3 -

history, Appellant claims that counsel failed to refer to case law that might arguably support his issues. Appellant's *pro se* response at 10.

We disagree. Based upon our examination of counsel's petition to withdraw and **Anders** brief, we conclude that counsel has substantially complied with the technical requirements set forth above. As required by **Santiago**, counsel set forth the case history, referred to an issue that arguably supports the appeal, stated his conclusion that the appeal is frivolous, and cited to controlling case law which supports that conclusion. **See Anders** brief at 4-6. Accordingly, we proceed to an independent review of the issue identified by counsel, as well as consideration of the additional issues raised by Appellant. **See Bennett**, **supra** at 333.

Counsel posits the following question of arguable merit: "Whether the sentences imposed on [Appellant] for violating his probation should be vacated where he was not yet on probation when the violations occurred?" **Anders** brief at 3. We consider the question mindful that, on appeal from a sentence imposed following revocation of probation, our review is limited to issues of the validity of the proceedings and the legality and discretionary aspects of the sentence. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1033–34 (Pa.Super. 2013) (*en banc*).

This Court has noted that "a term of probation. . . may and should be construed for revocation purposes as including the term beginning at the time probation is granted." **Commonwealth v. Ware**, 737 A.2d 251, 254

- 4 -

(Pa.Super. 1999) (citation and internal quotation marks omitted). At this Court explained:

> If, at any time before the defendant has completed the maximum period of probation, or **before he has begun service of his probation**, he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not change his position from the possession of a privilege to the enjoyment of a right.

*Commonwealth v. Hoover,* 909 A.2d 321, 323-24 (Pa.Super. 2006) (internal quotation marks and citation omitted; emphasis in original) (quoting *Commonwealth v. Wendowski*, 420 A.2d 628, 630 (Pa.Super. 1980)).

As such, a court may revoke probation for violations occurring while the defendant "was on parole at the time and had not yet begun her probationary term." *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). *See also Ware*, *supra* at 253 ("The fact that appellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing appellant on probation.").

Accordingly, we agree with counsel that the fact that Appellant had not completed the incarceration portion of his split sentence when he committed the drug crimes did not deprive the VOP court of the authority to revoke Appellant's probation and impose a new sentence. We now consider the issues raised by Appellant in his *pro se* response.

Appellant alleges that (1) either the trial court lacked jurisdiction to revoke his probation or the trial court's authority to do so constituted an *ex post facto* violation; and (2) the VOP sentence violates his double jeopardy rights. Specifically, Appellant argues that, under 61 P.S. § 314, "the **Gagnon II** procedures should have been governed by the Pennsylvania Board of Probation and Parole where his aggregate sentence . . . imposed during the year of 2005 had not yet expired and the conditions of his probation had not beg[u]n." Appellant's *pro se* response at 16. To the extent that the trial court relied upon a statute enacted in 2009 to support its authority, Appellant contends his *ex post facto* rights were violated. **Id**. Given that the Board did not revoke Appellant's probation at the time it revoked his parole, Appellant contends that its subsequent revocation at the VOP proceeding violated his double jeopardy rights. **Id**. at 13.

None of Appellant's arguments has merit. The legislature repealed 61 P.S. § 314 ("Parole from county jails, houses of correction, or workhouses; procedure; violation of parole; re-parole") in 2009. Moreover, under the repealed statutory scheme, the trial court that imposed the original sentence "retained the power, authority, or jurisdiction" to decide whether the defendant violated the terms of his probation, to revoke probation, and to resentence the defendant, even where the Board was supervising the defendant's probation. **Commonwealth v. Mitchell**, 955 A.2d 433, 441 (Pa.Super. 2008). Hence, the trial court had jurisdiction to adjudicate the VOP

proceedings, and there is no *ex post facto* concern. ***See*** 42 Pa.C.S. § 9771(b) ("The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.").

Nor does Appellant's double jeopardy contention warrant relief. Our Supreme Court has explained that "probation and parole are not part of the criminal prosecution[.]" ***Commonwealth v. Mullins***, 918 A.2d 82, 85 (Pa. 2007). Therefore, "[r]evocation of probation and resentencing does not implicate double jeopardy precisely because 'revocation is not a second punishment for the original conviction, but rather is an integral element of the original conditional sentence.'" ***Commonwealth v. Johnson***, 967 A.2d 1001, 1005 (Pa.Super. 2009) (quoting ***Mullins***, ***supra*** at 85). The fact that the Board of Probation and Parole separately revoked his parole prior to the proceedings before the VOP court does not alter the analysis. ***See Knox v. Pennsylvania Bd. of Prob. & Parole***, 588 A.2d 79, 81 (Pa. Cmwlth. 1991) (acknowledging that the "double jeopardy provisions of both the United States and Pennsylvania Constitutions do not apply to parole revocation proceedings of the Board").

For the foregoing reasons, we affirm Appellant's judgment of sentence and grant counsel's application to withdraw.

Judgment of sentence affirmed. Application of Patrick J. Connors, Esquire, to withdraw as counsel is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/17/19