# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandywine Village Associates,  :
                                 :
                     Appellant   :
                                 :
           v.                    : No. 1477 C.D. 2018
                                 : Argued: June 6, 2019
East Brandywine Township and     :
Carlino East Brandywine, L.P. and :
Christina B. Watters and         :
Katherine M. Kettlety, in their  :
individual Capacity and as Co-   :
Executrices and Co-administrators :
of the Estates of Frank and Beatrice :
Watters, Frank E. Watters, Jr. and :
Thomas R. Watters, and East      :
Brandywine Township              :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge (P.)
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  July 9, 2019

Brandywine Village Associates (BVA) appeals from a final order of the Court of Common Pleas of Chester County (trial court) that sustained Appellees' preliminary objections (POs) in the nature of demurrer and dismissed BVA's amended complaint against them with prejudice.[1] BVA contends that the trial court

---

[1] There are two sets of Appellees in this matter:  (1) East Brandywine Township (Township), and (2) Carlino East Brandywine, L.P. (Carlino), Christina B. Watters and Katherine M. Kettlety, in their individual capacity and as co-executrices and co-administrators of the Estates of Frank and Beatrice Watters, Frank E. Watters, Jr. and Thomas R. Watters (collectively, Carlino Appellees).  The trial court's final order sustained Carlino Appellees' POs.  BVA also challenges a prior nonfinal order sustaining the Township's POs.

erred by sustaining the POs on the basis that BVA's claims are moot and precluded by *res judicata* and collateral estoppel and that BVA failed to state a claim upon which relief may be granted. Upon determining that BVA's claims are moot, we affirm.

## I. Background

The late Frank and Beatrice Watters owned a parcel of land located at 1279 Horseshoe Pike (State Route 322) in East Brandywine Township, Chester County, which they subdivided into two contiguous parcels of 11.535 and 10.645 acres. The Watters conveyed the 11.535-acre parcel to BVA in June 1994 and contemporaneously entered into a 1994 Cross Easement Agreement with BVA, in which those parties granted and conveyed to each other certain cross easements to facilitate development of both parcels. In 1994, BVA secured Township land development approval and promptly constructed a small shopping center (Brandywine Village Center) on its 11.535-acre parcel, which included a food market. Trial Court Op., 12/5/18, at 1-2.

Thereafter, the Watters agreed to sell the 10.645-acre parcel to Carlino, which has remained the equitable owner pending its receipt of government approvals, including Township land development plan approval. Since 2010, Carlino Appellees have attempted to secure Township approvals to develop a Giant food market, retail building and a bank pad site on their parcel. BVA has vigorously opposed the development, which has generated continuing litigation, including several land use appeals, which the trial court chronicled. Trial Court Op., at 2-3; *see In re: Brandywine Village Associates* (Pa. Cmwlth., No. 1409 C.D. 2017, filed July 2, 2018); *Brandywine Village Associates v. East Brandywine Township Board*

2

*of Supervisors* (Pa. Cmwlth., No. 1149 C.D. 2017, filed April 19, 2018) (*Brandywine*); *Brandywine Village Associates v. East Brandywine Township Board of Supervisors* (Pa. Cmwlth., No. 164 C.D. 2017, filed January 5, 2018); *see also Carlino East Brandywine v. Brandywine Village Associates* (Pa. Super., Docket No. 3388 EDA 2017, filed October 16, 2018).

In June 2017, BVA filed a complaint solely against the Township seeking to enjoin the Township from voting on Carlino's final land development plan pending before the Township's Board of Supervisors (Supervisors). Carlino intervened and was granted party status. "While BVA's petition for preliminary injunctive relief was pending, unconstrained by any court order to the contrary, the Supervisors voted on June 21, 2017, to approve Carlino's final land development plan subject to specified conditions" (2017 Plan). Trial Court Op., at 2-3. BVA filed a timely land use appeal. *Id.*

At that time, BVA's appeal from the trial court's decision affirming the Supervisors' approval of Carlino's preliminary plan was pending before this Court. We reversed the trial court's approval of the preliminary plan, but only on one of the many issues raised on appeal, that being the minimum required front-yard setback of the proposed bank building. *Brandywine*. Carlino revised its final plan to comply with our decision, and again proceeded before the Supervisors to secure approval of a revised final plan. BVA also filed a motion to vacate the previously-approved 2017 Plan and sought remand to the Supervisors, which the trial court denied by order dated June 28, 2018. In its answer to Carlino's POs, BVA admitted it did not pursue its petition for injunction because the Supervisors had already approved the 2017 Plan, rendering an injunction moot. Trial Court Op., at 3.

3

In July 2017, BVA filed an amended complaint against the Carlino Appellees and the Township, which is the subject of this appeal. *See* Reproduced Record (R.R.) at 6a-58a. Therein, BVA sought to preliminarily and permanently enjoin Carlino Appellees from developing the 10.645-acre parcel in accordance with the 2017 Plan or any plan that does not comply "with the terms, covenants and obligations" allegedly provided for in BVA's approved development plan for its contiguous 11.535-acre property. BVA also sought damages, attorney fees and costs. As to the Township, BVA sought to preliminarily and permanently enjoin it from reviewing and approving the 2017 Plan or "any additional, further, substitute or amended development plans" for the 10.645-acre parcel, pending final hearing on the amended complaint. Trial Court Op., at 4. BVA's alleged right to relief is predicated on an alleged restriction contained in General Note No. 16 of BVA's 1994 final land development plan for Brandywine Village Center, which was predicated on the Cross Easement Agreement. *Id.*

The Township and Carlino Appellees filed POs, including demurrers, to the amended complaint. R.R. at 59a-60a, 84a-102a. Specifically, the Township objected on the grounds that the amended complaint is barred by the existence of a prior pending action; the Township lacks the authority to deny Carlino's land development application on the basis of a plan note in an earlier land development plan; BVA lacks standing to pursue the amended complaint; and BVA brings claims that are barred by the doctrines of mootness and separation of powers. R.R. at 59a-60a.

Carlino Appellees demurred on the grounds that the amended complaint lacks merit where: (1) General Note No. 16 of BVA's 1994 development plan does not grant it veto power over Carlino's development plan, (2) the 1990

4

easement agreement does not restrict Carlino's development plan, (3) the Township's map does not invalidate Carlino's development plan, and (4) BVA does not have the right to reassert its land use appeals in a separate injunction action premised on Section 617 of the Pennsylvania Municipalities Planning Code (MPC).[2] They also asserted that the amended complaint is barred by the doctrines of *lis pendens*, *res judicata*, and collateral estoppel; and the amended complaint is barred by laches. R.R. at 87a-101a.

By interlocutory order filed February 20, 2018, the trial court sustained the Township's demurrer and mootness objection and dismissed the amended complaint against the Township with prejudice.[3] The trial court explained that BVA cannot obtain relief under Section 617 of the MPC because it has been judicially determined that the 2017 Plan complies with the Township's ordinances. The trial court sustained the Township's mootness objection on the basis that the Supervisors have already approved the contested development plan, and the trial court is now powerless to stop that approval. Trial Court Order, 2/20/18; R.R. at 153a-158a.

By final order dated September 24, 2018, the trial court sustained Carlino Appellees' demurrer and dismissed the amended complaint with prejudice against them on similar grounds. Trial Court Order, 9/24/18; R.R. at 159a. BVA appealed to this Court. BVA challenges both orders sustaining the POs.

In its Pa. R.A.P. 1925(a) opinion, the trial court set forth the basis for its decision sustaining the POs. The trial court determined that BVA failed to state a cause of action upon which relief may be granted. The trial court explained that

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10617.

[3] This was not a final order because it did not dispose of all parties and claims. Pa. R.A.P. 341.

BVA's claims were predicated on the preservation of the easements provided for in the Cross Easement Agreement, which have since been extinguished by eminent domain as determined in prior litigation. *See Brandywine*. The trial court also rejected BVA's claims that the 2017 Plan, which is now moot, did not comply with the Township's ordinances. The trial court found that the challenges to this plan were previously disposed of in prior litigation. *See Brandywine*. Specifically, this Court reversed the Supervisors' approval of the plan on the sole basis that the plan's connector road did not comply with the ordinance's setback provisions. *Brandywine*. This Court agreed with the Supervisors' disposition of all other issues on appeal. *Id.* In short, this Court determined that the 2017 Plan did not violate any other provision of the Township's ordinances. *Id.* The trial court determined that any relief sought under Section 617 of the MPC, which authorizes actions to restrain development in violation of ordinances, is precluded. Trial Court Op., at 5-17.

## II. Issues

In this appeal, BVA argues that the trial court erred by sustaining the POs and dismissing its amended complaint upon ruling that BVA's claims were moot, without merit, and precluded by the doctrines of *res judicata* and collateral estoppel.[4]

## III. Discussion
### A. Preliminary Objections

Preliminary objections may be filed by any party to any pleading and are limited to the grounds set forth in Rule 1028(a) of the Pennsylvania Rules of Civil Procedure, Pa. R.C.P. No. 1028(a). In ruling on POs, "[w]e are required to

---

[4] We have reorganized BVA's issues for ease of discussion.

accept as true the well-pled averments set forth in the . . . complaint, and all inferences reasonably deducible therefrom." *Pennsylvania State Lodge, Fraternal Order of Police v. Department of Conservation and Natural Resources*, 909 A.2d 413 (Pa. Cmwlth. 2006), *aff'd*, 924 A.2d 1203 (Pa. 2007). However, we are not required to "accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id.* To sustain POs, "it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the [POs] should be sustained, the doubt must be resolved in favor of overruling the preliminary objections." *Id.*

Further, when ruling on POs, a court cannot consider matters collateral to the complaint but must limit itself to such matters as appear therein. *Bonanni v. Weston Hauling, Inc.*, 140 A.2d 591, 592 (Pa. 1958); *Mobley v. Coleman*, 65 A.3d 1048, 1053 (Pa. Cmwlth. 2013); *Kelly v. Kelly*, 887 A.2d 788, 791 (Pa. Super. 2005). "A court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the contents of those records may be known to the court." *Kelly*, 887 A.2d at 791 (quoting *220 Partnership v. Philadelphia Elec. Co.*, 650 A.2d 1094, 1096 (Pa. Super. 1994)). "It follows, therefore, that unless the facts relied upon to establish it appear from the complaint itself, the defense of *res judicata*, may not be raised by preliminary objections." *Id.*; *accord 220 Partnership* (similarly holding that the doctrine of collateral estoppel may not be raised by POs unless the facts relied upon appear in the complaint); *cf. Del Turco v. Peoples Home Savings Association*, 478 A.2d 456, 461 (Pa. Super. 1984) (affirmative defense of *res judicata* was properly raised by way of POs where the complaint repeatedly referenced the prior action). With these principles in mind, we examine the objections sustained, starting with mootness.

7

**Mootness**

BVA claims that the trial court erred by characterizing the issues raised by BVA as moot. Despite conceding that the matter is technically moot because the 2017 Plan is no longer under consideration as Carlino filed a new plan, BVA nevertheless asserts that the trial court should have considered the issues that were raised. BVA did not just seek relief with regard to the 2017 Plan. Rather, BVA sought an injunction to prohibit approval of the 2017 Plan or *any subsequent related plan*, for that matter, the approval process in general, on the basis it did not comply with Township ordinances and Cross Easement Agreement and restrictive covenants. According to BVA, the Township has permitted Carlino Appellees to develop the property in violation of the express terms and conditions of the Cross Easement Agreement, the Brandywine Village Plan and restrictive covenants applicable to the entire Watters property, as well as Township ordinances.

Furthermore, BVA maintains that even if moot, the case presents an issue that is capable of repetition yet evading review. If this matter were deemed moot because the pursuit of the 2017 Plan has ceased, the question remains whether BVA, or a similarly situated litigant, has the right to pursue injunctive relief to abate an ongoing violation of the MPC against the municipality in addition to the landowners engaged in the violation. The need for relief is ongoing. BVA intends to reassert this same issue in future litigation in connection with the new development plan presented. In the interest of judicial economy, this Court should decide the issue now.

The Township responds that BVA's amended complaint is moot because the issues pertain to Carlino's 2017 Plan, which this Court rejected for failure to comply with the ordinance's setback provisions. *Brandywine*. Carlino has

8

submitted a new development plan. The issues raised in the amended complaint can and should be addressed in the context of a future challenge to the new plan. Within the context here, the issue is moot because the 2017 Plan is no longer viable. The issue is not reasonably susceptible of repetition yet evading review.

Carlino Appellees agree with BVA that the trial court should not have sustained the POs based on mootness. Although all parties acknowledge that this appeal is moot because Carlino has submitted a new development plan to the Township for approval, the beleaguered Carlino Appellees desire resolution of the issues at this juncture. If this Court does not decide whether BVA has a claim under Section 617 of the MPC, BVA will reassert this exact same claim in future litigation. Given this threat, a real concrete case or controversy exists between the parties, which begs adjudication. The Court should hold that BVA cannot utilize Section 617 to assert the same objections that it previously raised or could have raised in the prior land use appeals. The Court's ruling in this regard will reduce the need for future litigation in this protracted dispute.

"The mootness doctrine requires an actual case or controversy to exist at all stages." *Department of Environmental Protection v. Cromwell Township*, 32 A.3d 639, 651 (Pa. 2011). "It is a well-established principle of law that this Court will not decide moot questions." *Id.* As the Pennsylvania Supreme Court has recognized:

> The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law— which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that 'an actual controversy must be extant at all stages of review. . . .' G. Gunther, Constitutional Law 1578 (9th ed.[]1975).

9

*Id.* (quoting *In re Gross*, 382 A.2d 116, 119 (Pa. 1978)). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." *Id.* (citing *In re Cain*, 590 A.2d 291, 292 (Pa. 1991)).

However, there are exceptions to the mootness doctrine. *Id.* "One such exception is the doctrine of 'capable of repetition yet evading review.'" *Id.* As our Supreme Court explained:

> Exceptions to this principle are made where the conduct complained of is capable of repetition *yet likely to evade review*, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision.

*Id.* at 652 (citation omitted and emphasis added).

Here, Carlino has submitted a new development plan to the Township for approval. Consequently, the issues attendant to the 2017 Plan are moot. Although the issues presented are capable of repetition, they will not evade judicial review. In fact, BVA promises to reassert these exact same claims in future litigation. Appellant's Brief at 23. Although we appreciate the parties' desire for finality at this stage, "[w]here the issues in a case are moot, any opinion issued would be merely advisory and, therefore, inappropriate." *Stuckley v. Zoning Hearing Board of Newtown Township*, 79 A.3d 510, 516 (Pa. 2013). Thus, the trial court did not err in sustaining the POs based on mootness and dismissing the amended complaint against all Appellees with prejudice.

On this basis alone, we affirm.[5]


_____

MICHAEL H. WOJCIK, Judge

---

[5] In light of this disposition, we need not address the remaining issues raised by BVA. Notwithstanding, we believe it is important to make the following comment in connection with this case. The trial court, having disposed of the preceding land use appeals and declaratory judgment actions involving the same parcels, the same parties and the same proposed development, noted its familiarity with the facts underlying the instant litigation. Trial Court Op., 2/20/18, at 3. The trial court determined that BVA's present claims were barred by the doctrines of *res judicata* and collateral estoppel. The trial court attached to its opinion prior opinions issued in the parties' ongoing litigation. The trial court stated that "[t]he decisions/opinions we have attached to this [Pa. R.A.P.] 1925 opinion address the Cross Easement Agreement and other significant established facts that are pertinent to the captioned litigation." *Id.* at 6. However, many of those pertinent facts do not appear in the amended complaint itself. *See* R.R. at 6a-58a. In ruling on POs, a court may not consider collateral matters. *Bonanni*. *Res judicata* and collateral estoppel are affirmative defenses that must be raised as new matter in an answer, not as POs. Pa. R.C.P. No. 1030; *Callery v. Municipal Authority of Blythe Township*, 243 A.2d 385, 387 (Pa. 1968); *see* Pa. R.C.P. No. 1028.

That said, this Court is also acutely familiar with the prior litigation involving the proposed development. We believe that BVA's failure to disclose prior litigation and pertinent facts established therein in its amended complaint is disingenuous bordering on deceptive. *See* Pa. R.P.C. 3.3(a) (a lawyer shall not knowingly make a false statement of material fact or fail to disclose legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client). BVA's attempts to restyle and relitigate issues previously decided could be deemed to be vexatious litigation. *See Knox v. Pennsylvania Board of Probation and Parole*, 588 A.2d 79, 82 (Pa. Cmwlth. 1991) (stating that the purposes of the doctrine of *res judicata* is, in part, to protect judicial resources and protect parties from vexatious litigation); *see also* 42 Pa. C.S. §2503 (permitting the award of "counsel fees as a sanction against another participant for violation of any general rule which expressly prescribes the award of counsel fees as a sanction for dilatory, obdurate or vexatious conduct during the pendency of any matter"); Pa. R.P.C. 3.1 (a lawyer has a duty to bring meritorious claims and contentions). We strongly caution BVA to proceed with candor and good faith in the future. *See* Pa. R.P.C. 3.1, 3.3(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brandywine Village Associates, :
:
Appellant :
:
v. : No. 1477 C.D. 2018
:
East Brandywine Township and :
Carlino East Brandywine, L.P. and :
Christina B. Watters and :
Katherine M. Kettlety, in their :
individual Capacity and as Co- :
Executrices and Co-administrators :
of the Estates of Frank and Beatrice :
Watters, Frank E. Watters, Jr. and :
Thomas R. Watters, and East :
Brandywine Township :

# **O R D E R**

AND NOW, this 9th day of July, 2019, the order of the Court of
Common Pleas of Chester County, September 24, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge