Eugene McClure, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 21, 1983, to Judges
ROGERS, CRAIG and MACPHAIL, sitting as a panel ·of
three.

*John W. Packel,* Assistant Defender, Chief of Appeals Division, with him *Benjamin Lerner,* Defender,
for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with
him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, June 23, 1983:

In this administrative appeal, Petitioner[1] claims
that his constitutional protection against double
jeopardy and his constitutional right to due process
afforded to him by the Constitutions of the United
States and Pennsylvania[2] were violated by actions of
the Board of Probation and Parole (Board) as hereinafter set forth.

---

[1] Eugene McClure.

[2] U.S. Const. amends. V and XIV; Pa. Const. art. I, §§9-10.

While on parole from a state correctional institution, after having served three years of a 3-7 year sentence, Petitioner was arrested for having a firearm in his possession. He was taken into custody and given a hearing by the Board as a technical parole violator.[3] The Board on September 18, 1981 recommitted Petitioner to serve twelve months as a technical parole violator. Thereafter, Petitioner was convicted in the Court of Common Pleas of Philadelphia County on charges relating to his possession of the same firearm at the same time as formed the basis for the Board's action on September 18, 1981. Following that conviction, the Board held another hearing and on May 25, 1982 entered an order recommitting Petitioner to serve 18 months as a convicted parole violator "for a total of 30 months backtime".

Petitioner contends that he was punished twice for the same violation which he alleges is impermissible in view of the constitutional protection afforded to him against double jeopardy. The double jeopardy clauses of the Pennsylvania and United States Constitutions are virtually identical—no person shall, for the same offense, be twice put in jeopardy of life or limb. The application of the constitutional protection to given factual situations is not always clear. See *Commonwealth v. Tabb*, 491 Pa. 372, 421 A.2d 183 (1980), *cert. denied*, 450 U.S. 1000 (1981) and *Commonwealth v. Klobuchir*, 486 Pa. 241, 405 A.2d 881 (1979), *cert. denied*, 445 U.S. 952 (1980). We do think, however, that it is clear that double jeopardy does not apply to the facts in the case now before us.

Petitioner was sentenced on September 12, 1977 to a term of not less than three nor more than seven

---

[3] One of the conditions of his parole was that he was not to have a firearm in his possession.

years for robbery. *That* is the criminal offense with which Petitioner must contend if he would have us apply the constitutional protection against double jeopardy. A quick glance at the Board's actions subsequent to September 12, 1977 reveals that nothing it did affected Petitioner's original offense. He was not tried again for that offense nor was his sentence for that offense adjusted in any way which would put his life or limb in jeopardy. The Board's action was not the imposition of a new sentence but merely directed completion of the original judicially imposed sentence. *See Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977). The sentence imposed for a criminal offense is the maximum sentence. The minimum sentence merely sets the date prior to which a prisoner may not be paroled.

Petitioner would have us extend the protection against double jeopardy to administrative actions taken by the Board but can find no cases to support his position. The obvious reason for lack of case law authority is that the language of the Constitutions clearly protects an individual from double punishment only where *criminal* prosecutions are involved. *Callan v. Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 635, 339 A.2d 163 (1975) (no double jeopardy where an operator's license is revoked for the same criminal offense of driving under the influence); *Robinson* (no double jeopardy where Board redetermines an escapee's maximum sentence). We find no merit in Petitioner's claim of double jeopardy.

While not so clearly stated by Petitioner, we perceive that his due process argument concerns the same alleged illegality when the Board, after hearings, found the Petitioner to be both a technical parole violator and a convicted parole violator for posses-

sion of a firearm. *Wolff v. McDonnell,* 418 U.S. 539 (1974) held that while prisoners cannot claim all of the constitutional rights available to citizens in general, they do retain the basic protection of due process which may, however, be limited because of their status as prison inmates. We are also mindful that our Supreme Court in *Bronson v. Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050 (1981) found that certain constitutional guarantees, such as the right to counsel, afforded defendants in criminal cases are likewise available to prisoners in administrative proceedings involving parole revocation hearings and appeals.

Our inquiry then, is what process is due the Petitioner? One of the conditions of his parole was that he would not have firearms in his possession. After a hearing of which Petitioner makes no complaint, the Board found that Petitioner had violated that condition of parole and recommitted him for 12 months pursuant to the provisions of Section 21.1(b) of the Act of August 6, 1941 (Act), P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. §331.21a(b). At the time of the Board's action, Petitioner had *not* been convicted of any new crime[4] and the Board had full discretion to direct that Petitioner be reentered to serve the remainder of his sentence. The action by the Board after Petitioner *was* convicted of a crime was taken pursuant to paragraph (a) of Section 21.1 of the Act. Again, the Petitioner makes no complaint about the conduct of that hearing except to say that since he

---

[4] Paragraph (b) limits the Board to recommitment for technical violations to violations *other* than by the commission of a new crime of which the parolee *is* convicted or found guilty or to which he pleads guilty or nolo contendere.

was already penalized for his misconduct, he should not be penalized again.[5] The two recommitments were not inconsistent in this case. They were for two distinct reasons and the Board's action in the first instance could not be a bar to the Board's second action.

Finding neither of the constitutional guarantees asserted by Petitioner to have been violated by the Board's actions, we will affirm its denial of administrative relief.

ORDER

The action of the Board of Probation and Parole denying administrative relief to Eugene McClure, is affirmed.

---

[5] Petitioner's argument is not unlike that raised by the relator in *Harman v. Burke*, 65 York 133 (C.P. Pa. 1951), *aff'd*, 171 Pa. Superior Ct. 547, 91 A.2d 385 (1952), *cert. denied*, 345 U.S. 953 (1953). The trial judge there observed that the relator's contention that once he was classified as a technical violator he was irrevocably so classified and could not thereafter be treated as a parole violator, was "nothing short of ridiculous" because if that were true, any parolee could avoid the penalties of a criminal parole violation merely by becoming technically delinquent. The trial judge opined that the legislature intended no such result. We agree.