Wayne Hughes, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs before Judges WILLIAMS, JR., DOYLE and BARRY, sitting as a panel of three.

*Timothy P. Wile,* for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARRY, March 15, 1984:

Petitioner, Wayne Hughes, petitions for review of an administrative order of the Pennsylvania Board of Probation and Parole (Board) dated February 11, 1983.

While on parole, petitioner was arrested in Delaware County on new criminal charges on September 3, 1981. He pled guilty to the new charges on February 2, 1982, and, subsequently was sentenced to a term of one to four years on the new charges.

The Board scheduled a full revocation hearing for September 29, 1982. The Notice of the Charges and Hearing, which charged Mr. Hughes with the new criminal conviction, erroneously stated that he had been arrested and convicted in Chester County rather than in Delaware County. A representative of the Board presented certified documents from the Court of Common Pleas of Delaware County to support the charges. However, petitioner objected because notice of the conviction stated that it occurred in Chester County rather than Delaware County. Petitioner, therefore, objected to the admission of the documents. The Board took no evidence regarding the new conviction and took petitioner's objection under advisement, electing to notify him of its decision following deliberation with the Board's counsel.

The Board held the rehearing for the full Board Revocation Hearing on February 1, 1983. Again, a representative of the Board read into the record information concerning the new conviction of the petitioner and presented certified copies of the conviction. Petitioner objected to this hearing on the grounds of double jeopardy, res judicata and untimely notice. The Board overruled these objections and proceeded with the hearing.

On February 11, 1983, the Board ordered the petitioner to be recommitted as a convicted parole violator and to serve the initial unexpired two to four year term from which he had been paroled.

Petitioner filed a petition for administrative review and relief on March 3, 1983, raising the same objections as had been raised at the February 1, 1983 hearing. The Board denied administrative relief and this petition for review followed.

Petitioner contends that the principle of res judicata prohibited the Revocation Hearing held February 1, 1983. The petitioner argues that the Board had conducted a full hearing on the merits in a previous full Board Revocation Hearing held September 29, 1982. Thus, he argues the parties should not be permitted to litigate matters already settled by a prior adjudication. The principle of res judicata however, applies to a final adjudication and the full Board Revocation Hearing held September 29, 1982, was not a final adjudication. No determination was made at that time; rather the Board took the objection by petitioner concerning the admission of the records under advisement. Subsequently, the Board ordered a rehearing. The rehearing sounds more in the nature of a continuance and certainly was not a final adjudication. Furthermore, an examination of the record of

the September 29, 1982 hearing reveals that the Board took no evidence nor made any inquiry regarding the petitioner's new conviction. Thus, res judicata could not apply.

Petitioner next objected that the hearing held by the Board on February 1, 1983, did not occur in a timely fashion. Petitioner cites 37 Pa. Code §71.4(2) (Code) as the administrative regulation governing time requirements for parole revocation hearings. This section of the Code states that once the Board has received verification of a plea of guilty by a parolee, it shall schedule a hearing within 120 days from the date the Board received such verification. Petitioner argues that the full Board Revocation Hearing held February 1, 1983, exceeded the 120 day time limit. However, this contention cannot be upheld. The Board scheduled and held the September 29, 1982, hearing in a timely manner. The Board, however, did not take evidence or make a determination because of an objection raised by petitioner. The Board instead scheduled a rehearing in January, 1983. Since the Board scheduled the September 29, 1982, hearing in accordance with the Code, petitioner cannot now maintain that the Board scheduled a rehearing in an untimely fashion.

The petitioner argues, in addition, that the full Board Revocation Hearing held September 29, 1982, was constitutionally defective due to the improper notice and, therefore, could not have had any valid effect. Review of the Notice of Charges and Hearing presented for the September 29, 1982, hearing indicates that the notice mistakenly identified the county where the petitioner's conviction occurred as Chester County rather than Delaware County. The Notice of Charges and Hearing, however, is otherwise "suffi-

ciently informative'' regarding the several convictions with which the petitioner has been charged. Additionally, the notice documented the petitioner's date of arrest, date of conviction, and informed the petitioner that the Board intended to hold a full Board Revocation Hearing. In *Donnell v. Pennsylvania Board of Probation and Parole,* 70 Pa. Commonwealth Ct. 265, 453 A.2d 36 (1982) a similar Notice of Charges and Hearing was "sufficiently informative'' to satisfy due process. *See also Woodall v. Pennsylvania Board of Probation and Parole,* 38 Pa. Commonweatlh Ct. 642, 394 A.2d 1061 (1978). Certainly, petitioner received enough information on the Notice of Charges and Hearing to have received actual notice. Without some further demonstration of prejudice to the petitioner, we cannot hold that petitioner received improper notice.

Petitioner's third objection is based on the principle of double jeopardy. Petitioner contends that the charges set forth in the full Board Revocation Hearing held September 29, 1982, were the same as those set forth in the rehearing on February 1, 1983, except that the notice of charges and hearing changed the county of conviction. Petitioner argues that he should be afforded protection against double jeopardy since parole violation and revocation proceedings have sufficient contact with the criminal justice system to fall within that system. We cannot accept either of these propositions.

The United States Supreme Court has articulated the standards under which double jeopardy protection applies. In *North Carolina v. Pearce,* 395 U.S. 711, 89 S. Ct. 2089 (1969), it is stated that double jeopardy provides separate constitutional protections against second prosecutions for the same offense after acquittal, against second prosecutions for the same of-

fense after conviction, and against multiple punishments for the same offense. The same standards have been enunciated by the Pennsylvania Supreme Court. *See Commonwealth v. Grazier,* 481 Pa. 62, 393 A.2d 335 (1978); *Commonwealth v. Henderson,* 482 Pa. 359, 393 A.2d 1146 (1978). The circumstances of this case do not fit within these guidelines. The fact that petitioner's conduct constitutes a criminal offense for which he was arrested and convicted does not transform the parole hearing into a prosecution. Double jeopardy applies only to criminal proceedings and this is not, despite petitioner's arguments, a criminal proceeding.

Little, if any, case law exists to support this proposition since the protection extended to an individual involves only criminal prosecutions. Petitioner cites no case to support an extension of the double jeopardy protection to administrative actions taken by the Board. We have held in *Kallan v. Bureau of Traffic Safety,* 19 Pa. Commonwealth Ct. 635, 339 A.2d 163 (1975), that where an operator's license is revoked for the same criminal offense of driving under the influence of alcohol, the revocation does not constitute double jeopardy. In *Robinson v. Department of Justice,* 32 Pa. Commonwealth Ct. 77, 377 A.2d 1277 (1977), there was no double jeopardy where the Board redetermined an escapee's maximum sentence. Petitioner thus makes a claim of double jeopardy which has no merit.

A further perusal of the actions taken by the Board indicates that petitioner's original offense went unaffected by its actions. The only issue determined by the Board was whether petitioner's parole should be revoked because of his new conviction. The Board did not try petitioner for that same offense and did not adjust the sentence for that offense in any way. The

Board did not impose a new sentence but instead directed that petitioner should be recommitted to serve the unexpired term of the original sentence. *McClure v. Pennsylvania Board of Probation and Parole*, 75 Pa. Commonwealth Ct. 176, 461 A.2d 645 (1983).

Concluding that the objections of res judicata, untimely notice, and double jeopardy raised by the petitioner are without merit, we affirm the Board's denial of administrative relief to the petitioner.

ORDER

AND Now, March 15, 1984, the action of the Board of Probation and Parole denying administrative relief to Wayne Hughes, is affirmed.