# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antwan M. Cooke,                      :
                    Petitioner        :
                                      :
        v.                            :    No. 1248 C.D. 2017
                                      :    Submitted: August 24, 2018
Pennsylvania Board of                 :
Probation and Parole,                 :
                    Respondent        :


**BEFORE:  HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE PATRICIA A. McCULLOUGH, Judge**
**HONORABLE JAMES GARDNER COLINS, Senior Judge**


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  December 6, 2018**


Petitioner Antwan M. Cooke (Cooke) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board).  The Board denied Cooke's petition for administrative relief, in which he sought to challenge the Board's recalculation of Cooke's maximum sentence date.  Cooke's counsel, James L. Best, Esquire (Counsel), filed a motion for leave to withdraw as counsel.  Counsel asserted in an initial "no-merit" letter that the issues Cooke raises in his petition for review are without merit.  Following our review of Counsel's initial no-merit letter, we concluded that the no-merit letter was inadequate and denied Counsel's motion for leave to withdraw as counsel.  We permitted Counsel to submit an amended motion for leave to withdraw as counsel and no-merit letter in response

to our order, and Counsel has done so. We now grant Counsel's amended motion for leave to withdraw and affirm the order of the Board.

Cooke had been incarcerated at a State Correctional Institution when the Board granted him parole on April 26, 2012. (Certified Record (C.R.) at 7.) At the time of his parole, Cooke had a maximum sentence date of April 12, 2020. (*Id.*) On December 8, 2014, Steelton Borough Police arrested Cooke and charged him with aggravated assault. (*Id.* at 58.) The Board detained Cooke as an alleged parole violator. (*Id.* at 11.) Cooke later pleaded guilty to simple assault. (*Id.* at 51.)

The Board charged Cooke as a convicted parole violator. (*Id.* at 63.) Cooke waived his right to a revocation hearing. (*Id.*) By decision with a mailing date of April 13, 2016, the Board forfeited Cooke's street time and recommitted him as a convicted parole violator to serve 9 months of backtime. (*Id.* at 68-69.) Further, the Board recalculated Cooke's maximum sentence date to February 11, 2023. (*Id.*)

Cooke filed an administrative appeal from the Board's decision. (*Id.* at 77-79.) In his administrative appeal, Cooke challenged the Board's revocation of his street time in recalculating his new maximum sentence date. (*Id.*) In so doing, Cooke argued that (1) the Board does not have the authority to alter his judicially-imposed sentence, and (2) the Board's action violated the Double Jeopardy Clause of the United States Constitution.[1] (*Id.*) The Board rejected Cooke's administrative appeal, reasoning:

> The Board has the authority to establish a parole violation maximum date in cases of convicted parole violators. *See Armbruster v. Pa. Bd. of Prob. and Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Because you were a convicted parole violator, you are not entitled to receive

---

[1] U.S. Const. amend. V. The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides, in relevant part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]"

credit for any periods you were at liberty on parole.
61 Pa. C.S. § 6138(a)(2).

(*Id.* at 80.) Cooke then filed a petition for review in this Court, maintaining the same arguments raised in his administrative appeal.

We begin by addressing Counsel's request to withdraw from his representation of Cooke. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief.[2] In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a probation and parole matter arises only when the prisoner's case includes:

> "[a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present."

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Cooke that he did not commit the crime for which he received a new criminal conviction, nor does Cooke suggest

---

[2] In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that, in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit. An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal. *Craig v. Pa. Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985). In *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), however, our Supreme Court held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the Court of the reasons why counsel believes the issues have no merit.

any reasons constituting justification or mitigation for his new criminal conviction. Thus, Cooke only has a statutory right to counsel under Section 6(a)(10) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

In order to satisfy the procedural requirements associated with no-merit letters, counsel must do the following: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel and to submit to the Court a brief of his own, raising any arguments that he may believe are meritorious.[3] *Reavis v. Pa. Bd. of Prob. and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). In seeking to withdraw, this Court has consistently required an attorney to include the following descriptive information in a no-merit letter: (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Consequently, before making an independent review of the merits of the appeal to determine whether Cooke's appeal has no merit, we must first evaluate Counsel's amended no-merit letter to determine whether it complies with the requirements for withdrawal applications. In our prior memorandum opinion in this matter, we noted that Counsel's initial no-merit letter failed to adequately address all of the issues identified therein. *Cooke v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 1248 C.D. 2017, filed June 4, 2018). The initial no-merit letter

---

[3] Counsel served Cooke with his amended motion for leave to withdraw and his no-merit letter. In the amended no-merit letter addressed to Cooke, Counsel advised Cooke of his right to retain counsel and to file a brief on his own behalf. Thus, Counsel has complied with these requirements.

4

identified the issue of whether "the Board 'unilaterally breached' Mr. Cooke's 'contract' with the Court of Common Pleas of Bucks County, as his initial sentence was entered into pursuant to a plea agreement[.]" *Id.*, slip. op. at 5 (quoting No-Merit Letter, filed Jan. 2, 2018). The other issue identified in the initial no-merit letter was whether the Board increased Cooke's sentence in violation of the Cruel and Unusual Punishment Clause of the United States Constitution.[4] *Id.* Counsel's amended no-merit letter, however, states correctly that Cooke has not raised either of these issues in his petition for review or Administrative Remedies Form.[5] Rather, it appears that Counsel previously included those issues by mistake. Thus, those issues are not relevant to the matter now before the Court. Instead, Cooke challenges the Board's revocation of his street time in recalculating his maximum sentence date and claims that the Board's actions violated the Double Jeopardy Clause of the United States Constitution. Counsel's amended no-merit letter satisfactorily discusses these issues and provides adequate legal analysis pertaining to the merits of Cooke's arguments. We, therefore, will proceed to consider whether Counsel is correct in asserting that Cooke's appeal has no merit.

Cooke's first argument is that the Board did not have the authority to extend his maximum sentence date because this function is one that belongs to the judiciary. Cooke's argument has been rejected by our courts on numerous occasions. In fact, our Supreme Court has specifically stated that "the Parole Board's power to deny credit for 'street time' . . . is not an encroachment upon the judicial sentencing power." *Young v. Pa. Bd. of Prob. and Parole*, 409 A.2d 843, 848 (Pa. 1979). This

---

[4] U.S. Const. amend. VIII.

[5] Counsel explains, in his amended no-merit letter, that the initial no-merit letter was a draft which erroneously included issues that Cooke did not raise. (Counsel's Amended No-Merit Letter at 2.)

maxim was reiterated in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980), where our Supreme Court opined: "[W]hen the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled." Further, this Court in *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682 (Pa. Cmwlth. 2011), determined that "the Board did not violate the separation of powers doctrine by acting pursuant to 61 Pa. C.S. § 6138 and recommitting [the p]etitioner as a convicted parole violator without credit for time served at liberty on parole." *Davidson*, 33 A.3d at 686. It follows then that the Board, here, did not engage in a judicial function by refusing to credit Cooke for his street time and had the authority to recalculate his sentence to reflect the lack of credit.[6]

Cooke's next argument is that the extension of his maximum sentence date violates his rights under the Double Jeopardy Clause of the United States Constitution. This argument has also been routinely rejected by this Court. *See,*

---

[6] Counsel, after rebutting the notion that the Board's actions encroached on the judicial function of sentencing, addressed whether the Board properly exercised its discretion not to award credit for street time, despite this issue not having been raised by Cooke. In so doing, Counsel cites our decision in *Pittman v. Pennsylvania Board of Probation and Parole*, 131 A.3d 604 (Pa. Cmwlth. 2016), in which we held that the Board's action of checking "no" on the completed hearing report to deny an offender credit for time spent at liberty is enough to show that it exercised its discretion in denying credit. Counsel relies on this opinion erroneously because our Supreme Court vacated our decision in *Pittman* and held that "the Board must provide a contemporaneous statement explaining its reason for denying a [convicted parole violator] credit for time spent at liberty on parole." *Pittman v. Pa. Bd. of Prob. and Parole*, 159 A.3d 466, 475 (Pa. 2017). Counsel must take care to exercise more due diligence in the future, as *Pittman* is a landmark decision in Counsel's particular area of practice. Regardless, we note that Cooke did not argue in his administrative appeal that the Board abused its discretion by not awarding him street time. The Supreme Court's holding in *Pittman*, therefore, does not directly impact the issues raised before the Court. Thus, this deficiency in Counsel's amended no-merit letter does not inhibit our ability to consider whether Counsel properly addressed the issues now before this Court.

*e.g., McClure v. Pa. Bd. of Prob. and Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983); *Gundy v. Pa. Bd. of Prob. and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984). In *Gundy*, this Court held that the Double Jeopardy Clause does not apply to administrative proceedings and set forth the guiding principles and rationales behind this conclusion:

> It is now clear that the Board's parole revocation proceedings are not part of a criminal prosecution but rather basically administrative proceedings to which the principles of administrative due process and administrative law apply. *Morrissey v. Brewer*, 408 U.S. 471 . . . (1972). If the Fifth Amendment does not preclude the State from imposing both criminal and non-criminal sanctions upon a defendant for the same conduct, we see no reason to extend the protection against double jeopardy to administrative proceedings of the Board as petitioner would have us do. . . .
>
> We further note that the Board's action in recommitting petitioner as a technical and convicted violator had no effect upon petitioner's judicially[-]imposed sentence. If petitioner was to present a valid double jeopardy claim, it is that sentence with which petitioner must contend. The Board's imposition of backtime was not the imposition of a new sentence but merely the directed completion of the original judicially-imposed sentence. The sentence imposed for a criminal offense is the maximum sentence and the minimum sentence merely sets the date prior to which a prisoner may not be paroled. *McClure, supra.* As that sentence was not altered by the Board's action, petitioner's double jeopardy based upon the Fifth Amendment must fail.

*Gundy*, 478 A.2d at 141. Based on the above discussion, Cooke's argument fails because the double jeopardy protections do not extend to parole revocation proceedings before the Board.

Based on the foregoing discussion, we agree with Counsel that Cooke's petition for review lacks merit, and, therefore, we grant Counsel's amended motion for leave to withdraw as counsel. Moreover, because we have concluded that Cooke's appeal lacks merit, we affirm the order of the Board denying his administrative appeal.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antwan M. Cooke,                                    :
                              Petitioner            :
                                                    :
              v.                                    :     No. 1248 C.D. 2017
                                                    :
Pennsylvania Board of                               :
Probation and Parole,                               :
                              Respondent            :

# **O R D E R**


AND NOW, this 6th day of December, 2018, the amended motion for leave to withdraw as counsel filed by James L. Best, Esquire, is hereby GRANTED, and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.


---
P. KEVIN BROBSON, Judge