IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arthur Sanders, :
             Petitioner :
  :
       v. : No. 663 C.D. 2019
  : Submitted: November 15, 2019
Pennsylvania Board of Probation and :
Parole, :
             Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: March 3, 2020

      Arthur Sanders, an inmate at the State Correctional Institution at Rockview, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) that recommitted him to serve 24 months' backtime and recalculated a new maximum sentence date. Sanders challenges the Parole Board's maximum sentence date. David Crowley, Esq., (Counsel) has petitioned for leave to withdraw from representation of Sanders. For the following reasons, we grant Counsel's petition and affirm the Parole Board.

      On January 4, 2016, Sanders pled guilty to two counts of possession with intent to manufacture or deliver a controlled substance, in violation of Section 13(a)(30) of The Controlled Substance, Drug, Device and Cosmetic Act (Drug Act).[1] He received a total sentence of nine months to three years for a maximum sentence date of February 8, 2019.

_____

[1] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §780-113(a)(30).

On November 16, 2016, Sanders was paroled. On January 20, 2018, he was arrested by the Upper Darby Police because he was in possession of 73 heroin packets. Bail was set at $50,000, which Sanders did not post. On April 30, 2018, Sanders pled guilty to possession with intent to deliver a controlled substance, in violation of Section 13(a)(30) of the Drug Act, for which he was sentenced to 33 to 66 months of confinement.

On July 27, 2018, based on the new criminal conviction, the Parole Board conducted a parole revocation hearing.[2] Parole Agent Leshia Evans offered into evidence documents that certified Sanders' new criminal conviction. Agent Evans noted that the new conviction was a felony and that the sentence included the forfeiture of Sanders' vehicle and cell phone. Documents relating to Sanders' parole supervision history were also entered into the record.

Sanders testified that while on parole, he lived with his girlfriend and two children. First, he worked at his father's boxing gym. Later, he opened a boxing gym of his own and has begun construction on a second gym. He also coaches his son's little league team.

Sanders testified about the circumstances of his new conviction. He stated that he agreed to sell a vehicle to a friend, who made monthly payments of $200. Sanders kept the vehicle titled in his name until the terms of sale were completed. Sanders collected the $200 monthly payments in person. Sanders testified that he did not know his friend was using the vehicle for drug trafficking, for which the friend was under police surveillance. Sanders' routine visits to his friend's house looked suspicious to police, who believed Sanders was involved.

---

[2] The hearing was before a hearing examiner because Sanders waived his right to a panel hearing. Sanders was represented by counsel.

When the police served a warrant at the friend's house, Sanders was present. Sanders testified that he pled guilty because his friend's home was in a school zone and he faced the risk of a lengthy sentence.

The Parole Board recommitted Sanders as a convicted parole violator to serve 24 months' backtime. The Parole Board awarded him no credit for the time spent at liberty on parole based upon his poor supervision history.[3] His maximum sentence date was recalculated to November 12, 2020.

Sanders filed an administrative appeal, asserting that the Parole Board lacked jurisdiction to change his maximum sentence date because only the sentencing court could do this. He claimed that the Parole Board increased his original sentence based on the new criminal charges and that this constituted double jeopardy.

In its denial of Sanders' administrative appeal, the Parole Board explained that it has exclusive authority over whether Sanders would be given sentence credit for his time at liberty on parole, known as "street time." It also explained that the time Sanders spent incarcerated on the new charges could not be credited to his original sentence, but only to his new sentence.

Sanders filed a petition for this Court's review. Thereafter, Counsel filed a petition for leave to withdraw from his representation of Sanders and a no-merit letter stating that there was no factual or legal basis for the appeal.

---

[3] Specifically, Sanders did not offer any proof of employment or earnings from his alleged job at the gym. Sanders had removed himself from participation in a life skills group. Although Sanders was hired as a mechanic, he never reported to the job. Sanders did not report as scheduled to the parole office and was not always available for field visits.

The technical requirements for appointed counsel seeking to withdraw from representation of a parolee are set forth in *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988). As summarized by this Court,

> counsel seeking to withdraw from representation of a petitioner seeking review of a determination of the Board must provide a "no-merit" letter which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless."

*Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009). "Although [the parolee's] issue may prove not to be meritorious, it is still incumbent upon [c]ounsel to include it in the No–Merit Letter and explain why it is meritless." *Id*. at 962. If this Court determines that counsel's no-merit letter complies with the requirements of *Turner,* we then consider the merits of the parolee's appeal. *Id*. at 960.

In the matter *sub judice,* Counsel has satisfied the technical requirements of *Turner.* In his no-merit letter, Counsel thoroughly analyzed Sanders' arguments on appeal and explained why they lack merit. Counsel served a copy of the no-merit letter on Sanders on September 10, 2019, and advised Sanders he could either obtain new counsel or proceed *pro se.* This Court entered an order advising Sanders that he had 30 days to file a brief in support of the merits of the petition for review. *See Sanders v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 663 C.D. 2019, filed September 11, 2019) (per curiam). Sanders has not filed a brief.

Having determined that Counsel has complied with the requirements of *Turner,* we turn to the merits of Sanders' request for relief.

4

Sanders argues that it violates double jeopardy[4] to be punished by both the sentencing court and the Parole Board for the same crime. Because of his new criminal sentence, the Parole Board imposed additional time on his original sentence. We reject this argument.

First, the Parole Board did not change the length of Sanders' judicially imposed original sentence:

> When a parolee violates the terms and conditions of his parole, the Board may recommit him to serve all or part of the remainder of his original sentence. *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496 (Pa. Cmwlth. 2012). The time served on recommitment is known as backtime. *Id*. Thus, backtime cannot exceed the time remaining on the original judicial sentence. *Id*. By definition, when the Board imposes backtime, it does not alter a judicially [] imposed sentence; it simply requires the prisoner to serve some or all of the time remaining on the original sentence. *Id*. The Board is authorized to recalculate the maximum date of a sentence beyond the original date where it is not adding to the total length of the sentence. *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018) (maximum length of sentence, not maximum date, is controlling).

*Marshall v. Pennsylvania Board of Probation and Parole,* 200 A.3d 643, 648 (Pa. Cmwlth. 2018). Denying credit for time spent at liberty on parole does not extend the time an inmate is subject to incarceration on the original sentence; it merely denies credit for time spent at liberty towards the original sentence. The Parole Board's "action was not the imposition of a new sentence but merely directed

---

[4] The Fifth Amendment to the United States Constitution provides, in pertinent part, "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Likewise, Article I, Section 10 of the Pennsylvania Constitution provides, in pertinent part, "[n]o person shall, for the same offense, be twice put in jeopardy of life or limb...." PA. CONST. art. I, §10.

completion of the original judicially imposed sentence." *McClure v. Pennsylvania Board of Probation and Parole,* 461 A.2d 645, 646 (Pa. Cmwlth. 1983).

Second, the Parole Board's order did not place Sanders in double jeopardy, which extends to double punishment in "*criminal* prosecutions." *McClure*, 461 A.2d at 647 (emphasis in original). Administrative actions of the Parole Board do not constitute criminal prosecutions. "The fact that [a parolee's] conduct constitutes a criminal offense for which he was arrested and convicted does not transform the parole hearing into a prosecution." *Hughes v. Pennsylvania Board of Probation and Parole*, 473 A.2d 225, 228 (Pa. Cmwlth. 1984). Sanders' double jeopardy argument lacks merit.

Finally, the Parole Board properly calculated Sanders' parole violation maximum sentence date. It is well established that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term … only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 392 (Pa. Cmwlth. 2019) (quoting *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980)). Only where the parolee "is being held in custody *solely* because of a detainer lodged by the [Parole] Board" is the time that he spent in custody credited to his original sentence. *Id.* (emphasis in original). Conversely, if a parolee "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.*

When Sanders was reparoled from a state correctional institution on November 8, 2016, he had 822 days remaining on his sentence. On January 19,

2018, the Parole Board lodged a detainer against Sanders. Then, on January 20, 2018, he was arrested on new criminal charges and did not post bail. Subsequently, Sanders was convicted on the new criminal charges and sentenced to a term of imprisonment.

In recommitting Sanders as a convicted parole violator, the Parole Board credited him for the one day he was detained solely on the Board's warrant, *i.e.*, January 19, 2018, to January 20, 2018. Certified Record at 74. Subtracting the 1 day from the 822 days of Sanders' original sentence resulted in 821 days remaining on that sentence. Because Sanders did not post bail on the new criminal charges, his time spent in custody was credited to his new sentence. *See Barnes*, 203 A.3d at 392. Ultimately, Sanders became available to begin service of his original sentence on August 14, 2018. Adding 821 days to August 14, 2018, results in a maximum sentence date of November 12, 2020.

For the above reasons, we grant Counsel's petition to withdraw his representation and affirm the order of the Board.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Arthur Sanders,
               Petitioner

          v.

Pennsylvania Board of Probation and
Parole,
               Respondent

:
:
:
:   No. 663 C.D. 2019
:
:
:
:
:

## **O R D E R**

AND NOW, this 3rd day of March, 2020, the order of the Pennsylvania Board of Probation and Parole, dated May 9, 2019, is hereby AFFIRMED, and the petition for leave to withdraw as counsel filed by David R. Crowley is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge