IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Anthony Detelich, Jr.,  :
                Petitioner  :
                                       :
                                       :  No. 691 C.D. 2020
              v.  :
                                       :  Submitted: January 15, 2021
Pennsylvania Parole Board,  :
                Respondent  :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE J. ANDREW CROMPTON, Judge

## *OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: March 30, 2021

       Jessica A. Fiscus, Esquire (Counsel), seeks permission to withdraw as counsel on behalf of petitioner, Gerald Anthony Detelich, Jr. (Detelich). Detelich petitions for review of the order of the Pennsylvania Parole Board (Board), mailed on June 10, 2020, which determined that he was properly recommitted as a convicted parole violator (CPV), and that his new maximum date was to be recalculated to account for 661 unexpired days on his original sentence. Upon review, we grant Counsel's application to withdraw appearance and affirm the Board's decision.

## Background

       The issues regarding Detelich's parole stem from his 2016 guilty plea to theft of movable property and retail theft in Mercer County. (Certified Record (C.R.)

at 1.) At the time of sentencing, Detelich's maximum sentencing date was September 29, 2019. (C.R. at 2, 6-7.) Detelich was paroled by Board decision recorded August 11, 2017, and he was released on December 7, 2017. (C.R. at 4, 7.) The terms of his parole required Detelich to report to the Board's Erie District Office and maintain regular contact with his parole supervisor. (C.R. at 8.) Detelich was prohibited from leaving the Erie District or moving from his approved residence without prior written permission. (C.R. at 8.)

On May 18, 2018, the Board issued a wanted notice request after Detelich failed to report for a routine appointment with his assigned parole agent. (C.R. at 15.) The parole agent was informed that Detelich had moved from his approved residence on May 16, 2018, without obtaining the requisite approval. (C.R. at 12, 15.) The Board declared Detelich delinquent effective May 18, 2018. (C.R. at 16.)

On May 22, 2018, an officer of the Farrell Police Department attempted to initiate a traffic stop on Detelich and discovered that there were two active warrants for Detelich's arrest. (C.R. at 21.) Detelich fled from the police, which resulted in a high-speed chase. *Id.* On May 23, 2018, a criminal complaint was filed against Detelich in Mercer County, charging him with (1) fleeing or attempting to elude an officer; (2) flight to avoid apprehension, trial, or punishment; (3) theft by unlawful taking or disposition; (4) two counts of recklessly endangering another person; and (5) improper signaling. 18 Pa. C.S. §§2705, 3921(a), 5126(a); 75 Pa. C.S. §§3334(b), 3733(a), respectively. (C.R. at 17-21.)

On May 26, 2018, the Board issued a warrant to commit and detain Detelich. (C.R. at 24.) That same day, Detelich was involved in another high-speed chase after an officer of the Hempfield Township Police Department attempted a traffic stop. (C.R. at 25-29.) Detelich was apprehended and incarcerated after abandoning

2

the vehicle and did not post bail. (C.R. at 33.) On May 29, 2018, a second criminal complaint arising from these events was filed against Detelich in Mercer County. (C.R. at 25-29.) He was charged with fleeing or attempting to elude an officer; flight to avoid apprehension, trial, or punishment; recklessly endangering another person; and failing to obey traffic-control devices. 18 Pa. C.S. §§2705, 5126(a); 75 Pa. C.S. §§3111(a), 3733(a), respectively.

On May 31, 2018,[1] the Board issued a technical violation arrest report, recommending that Detelich be recommitted as a technical parole violator (TPV) and detained pending disposition of his technical violations. (C.R. at 13-14.) Detelich's technical violations included leaving the Erie District and changing his approved residence without written permission, as well as failing to maintain regular contact with parole supervision staff. (C.R. at 13.) The Board also provided a Notice of Charges and Hearing to Detelich, citing both the technical violations and the two new sets of criminal charges. (C.R. at 50-51.)

On June 1, 2018, a third criminal complaint was filed against Detelich in Mercer County, stemming from the events that occurred on May 26, 2018. (C.R. at 45-49.) It alleged that officers of the Greenville Police Department attempted to help the Hempfield Township Police Department in its chase of Detelich. (C.R. at 49.) The complaint charged Detelich with aggravated assault, fleeing or attempting to elude an officer, driving under the influence of alcohol or a controlled substance, and reckless driving. 18 Pa. C.S. §2702(a)(6); 75 Pa. C.S. §§3733(a), 3736(a), 3802(a)(1), respectively. (C.R. at 46-47.) Detelich did not post bail. (C.R. at 65.) The Board filed a second Criminal Arrest and Disposition Report, again recommending Detelich's detention pending disposition of these criminal charges. (C.R. at 68-69.)

---

[1] The certified record improperly lists the report as being executed on May 17, 2018. (C.R. at 13-14.)

3

On August 24, 2018 (decision mailed on September 5, 2018), the Board issued an order to recommit Detelich as a TPV to serve six months of backtime. (C.R. at 85, 87, 89.) The Board also ordered Detelich to be detained pending disposition of his criminal charges. (C.R. at 87.) The Board recalculated Detelich's new maximum sentence date as October 7, 2019. (C.R. at 85.) At the time of his parole, Detelich's maximum date was September 29, 2019, and he owed 499 days of backtime on his original sentence. *Id.* The Board added this amount to May 26, 2018, and arrived at a new maximum date of October 7, 2019. *Id.* The Board's decision provided that Detelich would be "reparoled automatically without further action of the Board on [November 26, 2018], pending resolution of [his] outstanding criminal charges[.]" (C.R. at 88.) It also informed Detelich that his new maximum date was subject to change if he was convicted of the new criminal charges. (C.R. at 89.)

On February 5, 2019, Detelich entered *Alford*[2] pleas to two counts of fleeing or attempting to elude an officer, three counts of recklessly endangering another person, one count of driving under the influence, and one count of aggravated assault. (C.R. at 157-58, 170-71, 185-86.) The remaining charges from the three criminal complaints were either *nolle prossed* or withdrawn. *Id.*

The Board issued a Notice of Charges and Hearing on March 22, 2019. (C.R. at 94.) Detelich waived his right to counsel and to panel and revocation hearings and admitted his criminal convictions. (C.R. at 95-97.) On April 5, 2019, the trial court sentenced Detelich to an aggregate sentence of 2 to 4 years of imprisonment in a

---

[2] In *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), the United States Supreme Court explained that, generally, most guilty pleas consist of an express admission of guilt. In some cases, a criminal defendant may be unable or unwilling to admit his participation in the acts constituting the crime but finds that a guilty plea is in his best interests. *Id.* A defendant entering an *Alford* plea, therefore, consents to the imposition of a prison sentence but maintains his innocence. *Id.*; *see also Commonwealth v. Pasture*, 107 A.3d 21, 23 n.1 (Pa. 2014).

4

state correctional institution (SCI) with 315 days of credit for time served between May 26, 2018, and April 5, 2019. (C.R. at 98-104, 126-31.)

The Board executed a revocation hearing report on June 17, 2019. (C.R. at 141-47.) The hearing report recommended that Detelich not be given credit for his time spent at liberty on parole because he absconded while on supervision. (C.R. at 144.) The report also recommended that Detelich be recommitted as a CPV for 24 months when available. (C.R. at 146.) The report was first signed by the hearing examiner on June 14, 2019, and signed by the second Board member on June 17, 2019. (C.R. at 147.)

The Board issued an order to recommit Detelich as a CPV on July 18, 2019. (C.R. at 195.) The order reflects that Detelich's original maximum date was September 29, 2019, and that he became available to serve time on his original sentence on April 5, 2019. *Id.* The Board determined that Detelich owed 661 days of backtime on his original sentence and added this amount to April 5, 2019, arriving at a new maximum date of January 25, 2021. (*Id.*) The Board's decision modified its August 24, 2018 decision by deleting the automatic reparole provision and ordered that Detelich serve his six months of backtime as a TPV concurrently to the unexpired sentence he would serve as a CPV. (C.R. at 197.) The Board noted that Detelich would not receive any credit for his time at liberty on parole due to his absconding while on supervision. (C.R. at 198.)

Detelich filed an administrative remedies form, which was received by the Board on August 14, 2019. (C.R. at 199.) Detelich asserted that he had already served his six months of backtime associated with the technical parole violations. (*Id.*) He challenged the Board's reimposition of this sentence in its July 18, 2019 order as a violation of the double jeopardy clauses of the United States and Pennsylvania

5

Constitutions.[3] *Id.* Detelich also asserted that only courts have the power to change a sentence. *Id.*

By decision mailed on June 10, 2020, the Board denied Detelich's petition for administrative review. (C.R. at 201-02.) The Board explained that Detelich was paroled on December 7, 2017, and had a maximum date of September 29, 2019, which left him with a total of 661 days remaining on his original sentence. (C.R. at 201.) The Board also explained that its decision to recommit Detelich as a CPV authorized the recalculation of his maximum date to reflect that he received no credit for his time spent at liberty on parole or for any time period that he was incarcerated prior to his parole being revoked, as he did not post bail on any of the new charges. *Id.* The Board next concluded that because Detelich received a new sentence to be served in an SCI, he must serve the unexpired term of his original sentence first. (*Id.*) Because Detelich's parole was previously revoked by the Board on August 24, 2018, when it decided to recommit him as a TPV, he became available to begin serving his original sentence on April 5, 2019, when the trial court sentenced him. *Id.* Accordingly, the Board recalculated his maximum sentence date by adding the 661 unexpired days he had remaining on his original sentence to April 5, 2019, which yielded a new maximum date of January 25, 2021.[4] *Id.* Detelich, with the assistance of Counsel, subsequently filed a petition for review with this Court.

---

[3] U.S. Const. amends. V and XIV; Pa. Const. art. I, §10.

[4] Had Detelich been released from confinement upon the completion of his original sentence on January 25, 2021, any challenge to the Board's recalculation of his maximum sentence date would be moot. However, an error in the Board's recalculation of Detelich's maximum sentence date could impact the date upon which he began serving his new state sentence. Thus, we conclude that this matter is not moot. *See Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42 n.2 (Pa. Cmwlth. 2010).

6

**Discussion**

Subsequent to the filing of the petition for review, Counsel filed an application to withdraw appearance. Thus, before examining the merits of Detelich's petition for review, we must first address Counsel's application to withdraw. *Seilhamer v. Pennsylvania Board of Probation and Parole*, 996 A.2d 40, 42-44 (Pa. Cmwlth. 2010). In order to withdraw, Counsel must fulfill the procedural requirements set forth in *Craig v. Pennsylvania Board of Probation and Parole*, 502 A.2d 758 (Pa. Cmwlth. 1985). Under *Craig*, counsel must notify the petitioner of her request to withdraw, furnish the petitioner with either a copy of a brief complying with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter satisfying the requirements of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and inform the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Craig*, 502 A.2d at 760-61. For counsel to withdraw pursuant to *Anders*/*Turner*,

> [t]he brief or letter must set forth (1) the nature and extent of counsel's review of the case; (2) the issues the petitioner wishes to raise; and (3) counsel's analysis concluding that the appeal is frivolous.

*Banks v. Pennsylvania Board of Probation and Parole*, 827 A.2d 1245, 1248 (Pa. Cmwlth. 2003). If counsel satisfies these requirements, this Court will conduct its own review of the merits of the case. *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). If the Court agrees with counsel, we will permit her to withdraw. *Id.*

Where an inmate has a constitutional right to counsel, an *Anders* brief is required and withdrawal is allowed where the appeal is wholly frivolous. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22-26 (Pa. Cmwlth. 2009) (en banc). If there is not a constitutional right to counsel, counsel may satisfy her obligations by filing a no-merit letter, rather than an *Anders* brief, and the standard is whether the claims on appeal are without merit. *Seilhamer*, 996 A.2d at 42 n.4.

7

Because Detelich does not have a constitutional right to counsel, we apply the lack-of-merit standard.[5]

In this matter, Counsel has satisfied her duty pursuant to *Craig*. Attached to Counsel's application to withdraw is a letter Counsel wrote to Detelich indicating Counsel's intention to file an application to withdraw. (Application to Withdraw Appearance, Ex. A.) The letter notifies Detelich of his right to retain substitute counsel, and to raise any other points deemed worthy of merit. *Id.* In addition to her application to withdraw appearance, Counsel filed a letter with this Court addressing the merits of Detelich's case, which she also served on Detelich. (*See* No-Merit Letter filed on October 5, 2020.) The docket contains a certificate of service indicating that the application, Counsel's letter to Detelich, and Counsel's letter to this Court were served on Detelich. Furthermore, Counsel has also satisfied her duties pursuant to *Turner*. Counsel's letter to this Court sets forth the nature and extent of her review of the case and reflects that she has reviewed the record and applied the facts to the applicable law. Counsel's letter addresses the same issues that were raised in the petition for review and addresses why Detelich's contentions on appeal are meritless.

---

[5] A constitutional right to counsel exists in a parole revocation matter where a parolee raises

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Here, Detelich is only seeking review of issues related to the recalculation of his maximum date, and, therefore, he has no constitutional right to counsel.

8

As Counsel has satisfied her duties pursuant to *Craig* and *Turner*, we turn to our independent review of Detelich's claims.[6] On appeal, Detelich raises two issues. First, Detelich maintains that the Board erred in ordering him to serve his backtime as a TPV twice, because it violates double jeopardy principles. (Petition for Review, ¶ 6.) Second, Detelich argues that the Board erred in its calculation of his maximum date and "altered a judicially imposed sentence by establishing a new maximum sentence that exceeded the original maximum sentence." *Id.* ¶ 7.

Counsel first addresses Detelich's assertion that the Board improperly extended his maximum date by requiring him to serve six months of backtime as a TPV twice. Counsel argues that Detelich did not become available to serve any of his backtime for his parole violations until April 5, 2019, when he was sentenced on the new charges, as he never posted bail on those charges. Thus, although the Board recommitted Detelich as a TPV in its August 24, 2018 decision, Detelich had not yet begun serving any of his backtime due to his unavailability. Counsel therefore concludes that this issue is without merit.

Second, Counsel addresses Detelich's belief that the Board lacked the authority to alter or change a sentence imposed by a common pleas judge. Counsel argues that this Court routinely concludes under *Young v. Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979), that the Board does not infringe upon the judiciary's sentencing power by denying credit for time spent at liberty on parole. Counsel states that the Board's requirement that Detelich serve the unexpired term of his original sentence first, without credit for time spent at liberty on parole, is not an

---

[6] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

unconstitutional extension of his sentence. She thus concludes that this issue is also without merit.

Detelich's contention that the Board violated the prohibition against double jeopardy as set forth in the Fifth Amendment of the United States Constitution and article I, section 10 of the Pennsylvania Constitution is incorrect. It is well established that the double jeopardy clauses do not apply to administrative proceedings, such as parole revocation proceedings before the Board. *McClure v. Pennsylvania Board of Probation and Parole*, 461 A.2d 645, 647 (Pa. Cmwlth. 1983). Instead, "the double jeopardy prohibition of the Fifth Amendment is applicable to *criminal* prosecutions and prohibits merely the punishing twice or attempting to punish twice *criminally* an offender for the same offense." *Gundy v. Pennsylvania Board of Probation and Parole*, 478 A.2d 139, 141 (Pa. Cmwlth. 1984) (emphasis in original). Further, double jeopardy does not preclude the imposition of both criminal and non-criminal sanctions upon a defendant for the same conduct. *Id.* For these reasons, Detelich's argument is without merit.

Moreover, as Counsel notes, Detelich did not serve the same six months of backtime twice. The Board previously revoked Detelich's parole on August 24, 2018, when it recommitted him as a TPV; however, Detelich was not available to begin serving his six months of backtime at that time because he was also detained on the new criminal charges. He also did not post bail on the new charges. Thus, Detelich did not become available to serve any of his backtime until April 5, 2019, when he was returned to the Board's custody. *See Snyder v. Pennsylvania Board of Probation and Parole*, 701 A.2d 635, 637 (Pa. Cmwlth. 1997).

Next, we address Detelich's second argument that the Board improperly modified his judicially imposed sentence. Section 6138(a)(1) of the Prisons and Parole

10

Code allows the Board to recommit parolees who commit, and are ultimately convicted of, crimes punishable by imprisonment while on parole. 61 Pa. C.S. §6138(a)(1). If a parolee is recommitted as a CPV, he "shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted[.]" 61 Pa. C.S. §6138(a)(2). Thus, upon Detelich's recommitment as a CPV, the Board was authorized to recalculate the amount of time Detelich had left to serve on his original sentence.

Our Supreme Court has held that the Board's recalculation of a parolee's maximum sentence is not a modification of his judicially imposed sentence, but a requirement to serve his entire original sentence. *Young*, 409 A.2d at 845-58. In explaining the difference between a judicially imposed sentence and backtime compelled upon parole violators, the Court has stated:

> A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a *new* criminal prosecution and which imposes the term of punishment to be served. By way of comparison, backtime is "that part of an *existing* judicially[ ]imposed sentence which the Board directs a parolee to complete following a finding[,] after a *civil* administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve the new sentence. Therefore, service of backtime relates to the original sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges.

*Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003) (emphasis in original) (citations omitted). In other words, the Board's action in recommitting a petitioner as a technical or convicted parole violator has no effect upon his judicially imposed sentence. *Gundy*, 478 A.2d at 141.

Here, the Board did not unlawfully modify Detelich's judicially imposed sentence, but instead required him to serve the remainder of that original sentence

before commencing service of his new sentence. When Detelich was paroled on December 7, 2017, 661 days remained on his original sentence. He was returned to the Board's custody on April 5, 2019. The Board's recommitment order properly added the 661 days remaining on his original sentence to the date of his return to the Board's custody to arrive at a new maximum date of January 25, 2021. For these reasons, we reject Detelich's argument that the Board erred in extending his maximum sentence date beyond the maximum date of his original sentence.

## Conclusion

Accordingly, based on the foregoing, we affirm the decision of the Board, and grant Counsel's application to withdraw appearance.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gerald Anthony Detelich, Jr.,  :
           Petitioner  :
                                     :
                                     :
                                     :  No.  691 C.D. 2020
            v.  :
                                     :
Pennsylvania Parole Board,  :
           Respondent  :

## ***ORDER***

AND NOW, this 30th day of March, 2021, the order of the Pennsylvania Parole Board, mailed on June 10, 2020, is AFFIRMED, and Jessica A. Fiscus, Esquire's Application to Withdraw Appearance is GRANTED.

_____
PATRICIA A. McCULLOUGH, Judge